## WOOD *vs.* CARPENTER.

Where the sheriff of the county in which a writ is to be served is a party to
the suit, the writ must be directed to, and be served by, a coroner.

REPLEVIN. The writ was directed to the sheriff of the
county of Cheshire, or his deputy, or either of the consta-
bles of the town of Swanzey, in said county, commanding
them to replevy certain chattels belonging to the plaintiff,
now distrained by Elijah Carpenter, of Swanzey aforesaid,
sheriff, &c. ; and it was served and returned, in the usual
form, by John Foster, deputy sheriff.

The defendant pleaded in abatement, that at the time of
the service of said writ he was sheriff of the county of Chesh-
ire, and that by the return of said writ it appeared that the
same was served by John Foster, a deputy sheriff, who was
not at the time a coroner of said county.

To this plea the plaintiff demurred specially.

*Edwards*, and *Chamberlain*, for the defendant.

*E. Parker*, and *Hale*, for the plaintiff.

GREEN, J. It being apparent on the face of the writ that
the sheriff of the county of Cheshire is the person sued, and
it appearing by the return that it was served by a deputy of
the same county, and it having been long settled that a dep-
uty cannot legally serve a civil process on the sheriff under
whose appointment he acts, the defendant might very prop-
erly have moved to quash the writ for a defective service.
4 *N. H. R.* 142, *Tilton* vs. *Parker*.

But the defendant has pleaded in abatement, stating that
he was, at the time of the service, sheriff of the county of
Cheshire, and that the service was made by a deputy sheriff,
who was not at the time a coroner.

Several exceptions have been taken, but the only question in fact for decision is, whether a deputy sheriff is authorized to serve a writ on the sheriff who appointed him, and under whom he was acting when the service was made. It will be readily admitted that a sheriff cannot legally serve a writ on himself; and, if he cannot exercise this power, can he delegate such power to any other person? If he can, then a sheriff can empower another to do an act which he could not do himself—he can do indirectly what he cannot do directly. This has never been made a question, and it is believed that no doubt was ever entertained that a deputy could not exercise the power.

It has been argued, that in the form of the writ of replevin, prescribed in the statute, the precept is directed to the sheriff or his deputy, which shews that it was intended to give the deputy the power contended for by the plaintiff; but, if the deputy has this power, the sheriff has it also, and may serve a writ on himself.

The forms of all writs are, in that particular, similar to the writ of replevin; and, according to the doctrine contended for, a coroner can serve no writ whatever in any case, because by the forms there is no writ directed to him. But the statute having given the coroner power to serve writs where the sheriff is a party, authority is thereby given to vary the direction accordingly.

The statute of June 29, 1829, *N. H. Laws* 528, provides that the sheriff of any county, by himself or his deputy, shall serve and execute, within his county, all writs to him directed, issuing from lawful authority; but this must be construed as applying to such writs only as may lawfully be so directed.

The statute of July 3, 1829, *N. H. Laws* 541, regulating the office of coroner, enacts—" That it shall be the duty of the coroner, and he is hereby empowered, to serve and execute all writs and processes directed unto him, where the sheriff is a party;" and from this it is argued that it is

optional with a party bringing a suit against the sheriff, to direct his precept to the sheriff or his deputy, or to the coroner. If this is the right construction of the statute, then it necessarily follows that the sheriff is bound to execute the process, and must, either by himself or his deputy, serve it on himself, which it is admitted he cannot do personally; and we, as before intimated, are of opinion that what he cannot do personally, he cannot delegate to any other person to perform. But the person bringing the suit, we think, has no such option, but is bound to direct his precept to the officer who has the power, and is legally bound to execute it; and that, in the present case, the writ ought to have been directed to the coroner, the only officer who is legally authorized to serve process where the sheriff is a party.

The statute of Aug. 7, 1699, *Province Laws* 4, provides that " Where the sheriff shall be a party, or related to either of the parties, the jury shall be impannelled and returned by the coroner, who is also hereby impowered to serve writs in cases where the sheriff is concerned."

The act of 1718, *Prov. Laws* 135, provides that " The coroner within this province shall be and hereby is impowered to serve and execute all writs and processes directed unto him *against* the sheriff of the province, and to return jurors *de talibus circumstantibus* where need shall be to fill up the jury or juries in all causes where the sheriff is concerned, or related to either of the parties in any cause."

The act of June 10, 1791, *N. H. Laws* (*ed.* 1815,) provides " That it shall be the duty of the coroner, and he hereby is impowered to serve and execute all writs and processes, directed unto him when the sheriff is a party; and the coroner shall return jurors *de talibus circumstantibus* where the sheriff is a party interested, or related to either party, and in all such cases the coroner shall attend the jury," &c.

The act of July 3, 1829, (*ed.* 1830 ) 541, is in substance the same.

All the acts, from the earliest period, clearly shew the intention of the legislature that the coroner should exclusively act in causes where the sheriff was a party, or related to either party, or in any way interested; and the practice has been in conformity thereto, ever since the organization of the state.

*Writ abated.*